UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

    v.

JORGE HAMILTON HERRERA,

    Defendant and Movant.
_____/

No. CR 09-1097 PJH

**ORDER DENYING OCTOBER 25, 2010 MOTION TO VACATE SENTENCE**

    Movant Jorge Hamilton Herrera ("Herrera") is serving a sentence imposed by this court. Herrera's motion to vacate or set aside his sentence under 28 U.S.C. § 2255 is currently before the court. For the reasons set forth below, the court DENIES Herrera's motion.

## BACKGROUND

    On September 16, 2009, Herrera was found in the United States in the Northern District of California. During a subsequent interview with Homeland Security officials, Herrera admitted that he was a citizen of Nicaragua, that he had previously been deported from the United States, and that he illegally re-entered the United States. On November 12, 2009, he was indicted for being a deported alien found in the United States after deportation under 8 U.S.C. § 1326(a) and (b). After he was indicted in this case, on

December 29, 2009, he pled guilty in state court to pending felony narcotics charges, and was sentenced to six months in custody.

On January 13, 2010, Herrera pled guilty in this case to one count of being a deported alien found in the United States after deportation under 8 U.S.C. § 1326(a) and (b). In his plea agreement, Herrera agreed that his sentence should be calculated pursuant to the Sentencing Guidelines. January 13, 2010 Plea Agreement at ¶ 7. He also agreed "that the Sentencing Guidelines range will be calculated" such that he received a "total offense level" of 17, and that he would "not ask for any other adjustment to or reduction in offense level or for a downward departure from the Guidelines range." *Id.* Herrera further agreed that "a reasonable and appropriate disposition of [the] case," included "a sentence of imprisonment at the low end of the Guidelines range for adjusted offense level 17 and the applicable criminal history category as determined by the court," along with "three years of supervised release." The low end was determined to be 37 months. Because the plea agreement was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), once accepted by the court, the 37 month sentence became binding on the court.

With his plea, Herrera also agreed to waive "any right . . . to file any collateral attack on [his] conviction or sentence under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time after [he was] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated." January 13, 2010 Plea Agreement at ¶ 5.

Prior to sentencing, Herrera and the government both submitted sentencing memoranda, and both parties requested that the court sentence Herrera to thirty-seven months in prison, and three years supervised release. In its memorandum, the government noted that on December 29, 2009, Herrerra was convicted in state court of the felony crime of possession of a controlled substance, and had received a six-month custodial sentence. Herrera, however, did not mention this fact. Neither party requested a concurrent sentence.

In his modified presentence report, the probation officer also noted that Herrera was

2

currently serving a six-month jail sentence imposed on December 29, 2009. He also recommended a thirty-seven month sentence for Herrera.

On February 17, 2010, the court sentenced Herrera to thirty-seven months in prison and three years supervised release.

**DISCUSSION**

**I.     Operative § 2255 Motion**

On September 20, 2010, the court received Herrera's letter dated September 2, 2010. In that letter, Herrera appeared to challenge the Bureau of Prison's ("BOP") determination regarding his commitment date and its provision of good time credit with respect to a state sentence. In its September 22, 2010 order to show cause, the court noted those issues were not cognizable. However, the court noted that Herrera also appeared to challenge the sentence imposed by this court under 28 U.S.C. § 2255, arguing that it should run concurrent to a sentence on a state court conviction. The court thus ordered the government to respond to the motion, which it did on October 22, 2010. Pursuant to the court's order to show cause, Herrera's reply was due November 22, 2010. Herrera, however failed to file a reply, and in a May 12, 2011 letter, advised the court that he did not receive the government's October 22, 2010 opposition.

Accordingly, in a June 15, 2011 order, the court attached a copy of the government's October 22, 2010 opposition brief, and extended Herrera's time to file a reply brief to July 13, 2011.

On June 27, 2011, Herrera filed a document requesting that the court correct the clerks error and "acknowledge the Supreme Court's decision in *Castro*." In his recent filing, Herrera notes that following the government's filing of its opposition on October 22, 2010, he filed a "memorandum of law" on October 25, 2010.

Although it appears to have been e-filed, the court did not previously receive a copy of Herrera's October 25, 2010 memorandum. The court, however, has obtained and reviewed the memorandum, and notes that consistent with Herrera's statements in his June 27, 2011 filing, the October 25, 2010 memorandum appears to be an amended § 2255

3

petition.[1] In that memorandum, Herrera challenges the court's characterization of his September 2, 2010 letter as a motion to vacate his sentence under § 2255, and requests that he be permitted to withdraw the September 2, 2010 letter that the court characterized as a § 2255 motion, and substitute it with his October 25, 2010 memorandum, which he contends constitutes a "proper" § 2255 motion.

Given the court's failure to first notify Herrera of its intent to treat his September 2, 2010 letter as a § 2255 motion, he is entitled under *United States v. Castro*, to withdraw his September 2, 2010 letter and to file an amended § 2255 petition. 540 U.S. 375, 377 (2003) (before recharacterizing a pro se filing as a motion to vacate, the district court must notify prisoner of its intent, advise him of the restrictions against second motions to vacate, and provide him with an opportunity to withdraw his motion or to amend it to raise all the claims he believes he has in one timely § 2255 motion). Accordingly, per Herrera's request, the court GRANTS his request to withdraw his September 2, 2010 letter, and will treat his October 25, 2010 memorandum as his amended § 2255 petition. The court therefore construes Herrera's § 2255 claim(s) as set forth in his October 25, 2010 filing.

In his October 25, 2010 motion, Herrera raises the same issue as that already set forth in the court's September 22, 2010 order to show cause, namely that "the sentence imposed by this court should run concurrent to a sentence on a state court conviction." Unlike his September 2, 2010 letter, Herrera cites authority in support of his claim, and additionally adds that his counsel was ineffective when he failed to raise the issue at sentencing.

Ordinarily, the court would afford the government an opportunity to respond to Herrera's October 25, 2010 amended § 2255 motion. However, given its review of the government's October 22, 2010 opposition which addresses the sentencing issue, the court

---

[1] It was not a "reply" to the government's October 22, 2010 opposition because not only would Herrera not have received the opposition at the time the memorandum was filed, but he claims that he did not receive the opposition until it was sent to him in conjunction with the court's June 15, 2011 order, several months later.

finds that a supplemental opposition is unnecessary and that the court is able to resolve the issue without additional briefing from the government.

**II.     Herrera's Claims**

In his October 25, 2010 amended motion, Herrera argues that his attorney rendered ineffective assistance of counsel when she failed to advise the court that it possessed the discretion to impose a sentence that ran concurrent to his state court sentence received on December 29, 2010, and argues that the court should in fact have exercised its discretion to do so and should have imposed a concurrent sentence.

In its opposition,[2] the government argues that Herrera's § 2255 motion is expressly barred by his plea agreement, and that his sentence was required by statute to run consecutive to any other sentence under 18 U.S.C. § 3584(a).  It concedes that under § 3584(b), the court in its discretion could have sentenced Herrera to a concurrent sentence, but none of the parties made such a request, and asserts that court declined to exercise its jurisdiction to impose a concurrent sentence.

In his June 27, 2011 filing, Herrera argues that pursuant to the terms of his plea agreement, he did not waive his right to bring an ineffective assistance of counsel claim. He contends that his counsel's failure to bring his state sentence to this court's attention constituted ineffective assistance of counsel.

**III.    Analysis**

Pursuant to the plea agreement, Herrera waived his right to challenge the very sentence to which he agreed.  *See United States v. Schumann*, 127 F.3d 815, 817 (9th Cir. 1997).  He did not, however, waive his right to assert that he received ineffective assistance of counsel when his counsel failed to bring his state sentence to the court's attention and failed to argue for a concurrent sentence.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the

---

[2]As noted above, the opposition was filed prior to Herrera's October 25, 2010 amended motion to vacate, and responded to the claim set forth in the court's September 20, 2010 order to show cause that Herrera's "sentence imposed by this court should run concurrent to a sentence on a state court conviction."

5

Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* The right to effective assistance of counsel applies to the performance of both retained and appointed counsel without distinction. *See Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980).

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Since deciding *Strickland*, however, the Supreme Court has not determined "what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005); *see also Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006) (same). Even so, it is likely that an ineffective assistance of counsel claim arising out of a noncapital sentencing in federal court is governed by the *Strickland* standard. *See Davis*, 443 F.3d at 1159 (Graber, J., concurring) (petition for habeas relief under 28 U.S.C. § 2254) (quoting *Glover v. United States*, 531 U.S. 198, 202-04 (2001)). Given that the Ninth Circuit applies the *Strickland* standard to such claims, that is what the court will apply here.

The court concludes that even if it were to find that defense counsel's performance was deficient, Herrera is unable to demonstrate prejudice. Herrera's claim of deficiency is based on two things – counsel's failure to bring his state sentence to the court's attention and her failure to argue for a concurrent sentence. With regard to the former, the court was

6

aware that Herrera was in state custody by virtue of the fact that he was brought to federal court while in state custody on multiple occasions pursuant to writs of habeas corpus ad prosequendum, and because both defense and government counsel so advised the court. Moreover, at the time of sentencing, the court had a presentence report in which it was reported that Herrera was in state custody serving a six month jail sentence. With regard to defense counsel's failure to argue that the court should impose a sentence concurrent with his state sentence, the court notes that concurrent sentences are typically bargained for during plea negotiations. In the absence of a binding plea agreement for concurrent sentences, this court does not generally impose concurrent sentences unless there is some relationship between the state and federal crimes or some other mitigating circumstance that would warrant such exercise of the court's discretion. Neither appeared in this case, and a request for concurrent sentences by Herrera or his counsel would have been unsuccessful.

## CONCLUSION

For the reasons set forth above, Herrera's motion to vacate his sentence is DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2011

PHYLLIS J. HAMILTON
United States District Judge